**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| Lauren Massey West, | ) | Civil Action No.: 0:20-cv-01952-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Rock Hill School District Three, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Lauren Massey West filed this action against her former employer, Defendant
Rock Hill School District Three ("Defendant" or the "District"), alleging claims of discrimination
and retaliation based on her sex in violation of Title VII of the Civil Rights Act of 1964 ("Title
VII"), 42 U.S.C. §§ 2000e–2000e-17. (ECF No. 1-1 at 7 ¶ 33–9 ¶ 45.)

This matter is before the court on Defendant's Motion to Reconsider Order Rejecting
Report and Recommendation pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF
No. 58.) Specifically, Defendant seeks reconsideration of the court's Order entered on March 31,
2022 (ECF No. 54) (the "March Order"), which denied Defendant's Motion for Summary
Judgment (ECF No. 29) on Plaintiff's claims for sex discrimination and retaliation in violation of
Title VII. Plaintiff opposes Defendant's Motion to Reconsider asserting that the court properly
denied Defendant's Motion for Summary Judgment. (ECF No. 59.) For the reasons stated below,
the court **DENIES** Defendant's Motion to Reconsider.

## I.      RELEVANT BACKGROUND TO PENDING MOTION

The court adopts its prior recitation of factual and procedural background outlined in the
March Order (*see* ECF No. 54 at 1–20). Additionally, in the March Order, the court made the
following observations in denying Defendant's Motion for Summary Judgment (ECF No. 29):

At the outset, the court observes that even though Superintendent Cook made the ultimate decision to terminate Plaintiff (*see* ECF No. 29-3 at 300–01), and his decision was upheld by the District's Board of Trustees (*id.* at 302), their actions cannot legalize a termination that was based on discriminatory reasons. *See Ludlum v. Sch. Dist. of Greenville Cty.*, 455 S.E.2d 177, 181 (S.C. Ct. App. 1995) ("The fact that the Superintendent and the Board reviewed the termination is simply another factor to be considered by the jury in determining the validity of [plaintiff's] retaliation claim. It would indeed be rare that a school board would engage in a retaliatory firing. Moreover, its approval of such a retaliatory firing by an employer does not have the effect of removing the taint of the firing.").

Defendant's first ground for Plaintiff's termination was an Athletic Director Evaluation submitted by NWHS Principal Massey on July 23, 2019. (ECF No. 29-3 at 282–86.) The court finds that because the resolution of the issue of pretext in the context of Plaintiff's evaluation requires weighing the credibility of witnesses, Defendant is not entitled to summary judgment. *Atkins v. Comput. Sci. Corp.*, 264 F. Supp. 2d 404, 413 (E.D. Va. 2003) ("When the resolution of an issue is based on witness credibility, summary judgment is not appropriate. (citing *Gray v. Spillman*, 925 F.2d 90, 95 (4th Cir. 1991); *United States v. Burgos*, 94 F.3d 849, 868 (4th Cir. 1996))). More specifically, the court observes that Plaintiff's testimony, whether regarding Principal Massey's attendance at sporting events, financial support of sports teams, and/or choosing to support Coach Martin over Plaintiff, creates an inference that he had a sexist predisposition of supporting males, but not supporting females. *Cf. Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990) ("[T]here is no rule of law that the testimony of a discrimination plaintiff, standing alone, can never make out a case of discrimination that could withstand a summary judgment motion. . . . For this reason, our legal system permits discrimination plaintiffs to prove their cases with circumstantial evidence." (citations omitted)). Moreover, Principal Massey's alleged sexist predisposition in conjunction with his failure to remember what date he learned that Plaintiff had voiced complaints about him to Dr. Campbell (*see* ECF No. 29-13 at 142:1–144:9), which occurred on March 26, 2019, creates a question of fact as to whether sexual animus affected Plaintiff's evaluation. *Weldon*, 896 F.2d at 800 ("The issue of pretext in this case turns largely on the credibility of the competing testimony. As such, it is inappropriate to decide on a motion for summary judgment."). As further support for this conclusion, the court notes that Principal Massey had not given a "needs improvement" evaluation to anyone other than Plaintiff. (ECF No. 29-8 at 86:19–87:4.)

Defendant's second ground supporting Plaintiff's termination is an audit report submitted on June 18, 2019, by the District's Internal Auditor Bettina Feaster. (*See* ECF No. 29-11 at 41–46.) The court finds that summary judgment as to pretext regarding this ground is also not appropriate due to the comparator evidence in the case. *See, e.g.*, *Cole v. Family Dollar Stores of Md., Inc.*, 811 F. App'x 168, 173 (4th Cir. 2020) ("Comparator evidence is useful in assessing pretext only when the comparator employees 'were similarly situated to the plaintiff (but for the protected characteristic).'" (quoting *Laing v. Fed. Express Corp.*, 703 F.3d 713, 719 (4th Cir. 2013))). The audit report contains a finding that Plaintiff had "authorized payments

and acted in a supervisory role over her immediate family members, which is a violation of District Policy GBEA, Staff Ethics/Conflict of Interest." (*Id.* at 41.) Moreover, the audit report contains an observation that former Principal Blake had "a discussion with both Mr. and Mrs. West explaining nepotism and their approved roles as a means to help them maintain compliance while performing work within the District." (*Id.* at 42.) With the audit report of NWHS, the District determined that the violation of the GBEA Policy as applied to Plaintiff warranted her termination. Ordinarily, a violation of policy is a legitimate reason for terminating an employee. *Laing*, 703 F.3d at 721. However, Plaintiff is the only employee of Defendant to have been fired for violation of the GBEA Policy. (ECF No. 29-8 at 94:12–15.)

The evidence in the record also demonstrates that two (2) other male Athletic Directors were subject to similar findings in audit reports, but the District chose not to terminate them. On September 25, 2019, Feaster submitted an audit report wherein she found that Bill Warren, the Athletic Director at Rock Hill High School ("RHHS"), and Eric Rollings, the Assistant Athletic Director at Rock Hill High School, had "acted in a supervisory role over their immediate family members, which is a violation of District Policy GBEA, Staff Ethics/Conflict of Interest." (ECF No. 29-11 at 47.) Feaster further observed in the audit report that "[i]n talks with Mr. Rollings and Mr. Warren, neither have had training on nepotism and they were unaware of the district's policy against it . . . [and] it is recommended that all staff receive formal training on nepotism." (*Id.* at 48.) With the audit of RHHS, the District found that a violation of the GBEA Policy as applied to Warren and Rollings warranted only a reminder regarding the existence of the GBEA Policy, training on the GBEA Policy that it did not conduct, and an instruction to not engage in any further violations. (ECF No. 29-8 at 94:3–10.)

The court is troubled by the District's position that no male who violated the GBEA Policy (i.e., Warren, Rollings, Plaintiff's husband) warranted the termination of his employment. The issue should not be whether an employee had prior notice, especially when the information regarding how that notice (*i.e.*, Principal Blake's communications to Plaintiff) ended up in the audit creates an inference of retaliatory animus, but whether the District considers a violation of the GBEA Policy/State Ethics law warrants automatic termination. *Cf. S.C. Wildlife & Marine Res. Dep't v. Kunkle*, 336 S.E.2d 468, 469 (S.C. 1985) ( "[I]t is a well-settled maxim that ignorance of the law is no excuse.") (citation omitted). In light of the aforementioned comparator evidence, the court is persuaded that a jury should consider whether the second reason for Plaintiff's termination was pretextual for discriminatory conduct. *E.g.*, *Laing*, 703 F.3d at 721 ("Significantly, [plaintiff] has not identified any similarly situated [] employee—that is, an employee accused of violating the same company policy but . . . who was given more favorable treatment. Such comparator evidence, of course, would be 'especially relevant' to a showing of pretext, but [plaintiff] has none." (citing *McDonnell Douglas*, 411 U.S. at 804)).

Therefore, upon consideration of the foregoing, the court is persuaded that Plaintiff

has produced evidence that would permit a reasonable factfinder to conclude that Defendant's legitimate, non-discriminatory reason was a pretext for discrimination on the basis of sex and/or retaliation.

(ECF No. 54 at 28–32.)

Defendant moves the court to reconsider the March Order's aforementioned findings pursuant to Rule 59(e). (*See* ECF No. 58.)

## II.    LEGAL STANDARD

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

## III.    ANALYSIS

A.    The Parties' Arguments

Defendant seeks reconsideration of the March Order asserting that it "contains an error of law and manifest injustice in finding that Plaintiff has provided sufficient evidence to present a triable issue of fact as to pretext" and "did not specifically address Plaintiff's retaliation claim."

4

(ECF No. 58 at 1, 3.)  First, as to pretext, Defendant argues that "the [March] Order contains errors of law and manifest injustice in rejecting the Report [and Recommendation] and finding that the pretext analysis regarding Plaintiff's performance evaluation requires weighing the credibility of witnesses."  (*Id.* at 4 (citing ECF No. 54 at 28).)  Defendant argues that Plaintiff's testimony regarding her performance was irrelevant, and the court should have only considered "the opinion of Plaintiff's supervisor."  (*Id.* at 5.)  Moreover, Defendant argues that any issue of fact regarding pretext is weak because Dr. Campbell recommended Plaintiff's termination, not Principal Massey. (*Id.* at 6–8.)  Finally, as to pretext, Defendant asserts that the court erroneously misunderstood and mischaracterized Defendant's enforcement of the "Nepotism" provision of its Policy GBEA Staff Code of Ethics (the "GBEA Policy") as Plaintiff's "termination was based on the audit when read in conjunction with the Plaintiff's extensive history and instruction on the policy."  (*Id.* at 9 (citation omitted); *see generally id.* at 8–11.)

With regard to Plaintiff's retaliation claim, Defendant asserts that the court's pretext analysis was inapplicable to the retaliation claim because "[t]he Magistrate Judge correctly concluded that Plaintiff's retaliation claim fails because the decision to terminate her pre-dated her email complaining of discrimination" and "[t]hus, Plaintiff did not state a prima facie case of retaliation and the pretext analysis is not applicable."  (*Id.* at 11.)

In response to Defendant's Motion to Reconsider Order Rejecting the Report and Recommendation, Plaintiff first asserts that the court should deny the Motion because "[a] reasonable jury could find that Defendant's use of the baseless performance evaluation Plaintiff received from Massey and Defendant's subjective interpretation of the GBEA policy as applied to Plaintiff was pretext for sex discrimination."  (ECF No. 59 at 2–3.)  In this regard, Plaintiff expressly disagrees with Defendant's characterization of Principal Massey's performance

evaluation (*id.* at 3–4), and its enforcement of the GBEA Policy (*id.* at 5).

Plaintiff next asserts that notwithstanding Defendant's arguments, her retaliation claim is viable because her "July 30, 2019 undisputed Title VII protected activity predated her termination and her July 30, 2019 protected activity was close in time to the decision to terminate Plaintiff." (*Id.* at 6.) Moreover, Plaintiff argues her July 30, 2019 protected activity is not her only protected activity because:

> Plaintiff had been experiencing disparate treatment based on sex throughout the 2018-2019 school year, while she was under the supervision of her male supervisor, Massey, and Plaintiff had reported those concerns, which then prompted Massey's inaccurate and pretextual performance evaluation and a targeted audit of the athletics department at Northwestern, an audit that spanned months and was the only high school athletics department audit performed during the 2018-2019 school year.

(*Id.* at 10.)

B.    The Court's Review

In its Motion, Defendant argues it is entitled to reconsideration of the March Order "because Plaintiff has not shown that the District's reasons for her termination were pretext and because Plaintiff has not stated a prima facie case of retaliation." (ECF No. 60 at 6.) Defendant asserts that it is entitled to reconsideration on the basis that the March "Order contains an error of law and manifest injustice."[1] (ECF No. 58 at 1.)

---

[1] Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez–Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); *Miller v. Mercy Hosp., Inc.*, 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted). Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

*1. Reconsideration of Pretext*

In its Motion, Defendant argues that the court erred in "finding an issue of fact as to the question of pretext; specifically, [because] there is no question that the District leadership through decisionmaker Dr. Tanya Campbell . . . terminate[d] Plaintiff based on (1) the negative performance review completed by Plaintiff's male supervisor who did not recommend her termination and (2) Plaintiff's violation of the District nepotism policy despite her employment depending upon her understanding of it due to her husband working at the same school and her repeated instruction on the policy." (ECF No. 60 at 1.)

After considering the entirety of Defendant's assertions, statements of alleged error and/or manifest injustice, the court finds that reconsideration of the March Order's pretext finding is not appropriate. The denial of reconsideration is appropriate because the court already considered Defendant's arguments regarding pretext presented herein when the court in the March Order rejected the Magistrate Judge's conclusion "that Plaintiff has not provided sufficient evidence to present a triable issue of fact as to whether Defendant's proffered reason for terminating her when it did was pretextual." (ECF No. 54 at 25 (citing ECF No. 48 at 30, 34).) As a result, the court is not persuaded that its entry of the March Order resulted in the commission of either clear error or manifest injustice. *Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC*, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). Accordingly, the court denies Defendant's Motion to Reconsider regarding Plaintiff's claim for sex discrimination.

*2. Reconsideration of the Retaliation Claim and Establishment of a Prima Facie Case*

Defendant moves for reconsideration of the March Order asserting that the court erred by considering pretext when the Report and Recommendation found "there was no causation to establish [a prima facie case of] retaliation." (ECF No. 58 at 3.)

In the March Order, the court addressed pretext in the context of Plaintiff's retaliation claim because the Magistrate Judge expressly found that Plaintiff had established a prima facie case of retaliation.[2] To this point, the court cites to the Report's findings that (1) "Defendant does not contest that this [July 30, 2019] communication is protected under Title VII" (ECF No. 48 at 38); (2) "Plaintiff's termination from employment is an adverse employment action" (*id.* at 17); and (3) "prima-facie causation has been shown based on the timing of when Plaintiff sent the email and when the adverse action to place her on administrative leave occurred." (*Id.* at 40.) As a result of the foregoing, the premise of Defendant's argument on reconsideration is not substantiated by the plain text of the Report and Recommendation. Therefore, the court finds that it did not commit clear error or manifest injustice in the March Order in denying Defendant's Motion for Summary Judgment on Plaintiff's retaliation claim. Accordingly, Defendant's Motion for Reconsideration is **DENIED** as to retaliation.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant's Motion to Reconsider Order (ECF No. 54) Rejecting Report and Recommendation (ECF No. 48). (ECF No. 58.) In light of the parties' communication that they are amenable to conducting a second mediation (*see* ECF No.

---

[2] "In order to establish a prima facie claim of retaliation in violation of Title VII, 42 U.S.C. § 2000e–3(a), a plaintiff must show that '1) the employee engaged in protected activity; 2) the employer took adverse employment action against the employee; and 3) a causal connection existed between the protected activity and the adverse action.'" *Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997) (citations omitted).

56 at 1), the court will identify a United States Magistrate Judge available to conduct such proceeding.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 13, 2022
Columbia, South Carolina